## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| NATASHA HILL, | ) |
| Plaintiff, | ) Case: 1:23-cv-01396 |
| v. | ) |
| RIVIAN AUTOMOTIVE, LLC, | ) |
| Defendant. | ) Jury Trial Demanded |

## COMPLAINT

**NOW COMES** Plaintiff, Natasha Hill ("Plaintiff"), by and through the undersigned counsel, hereby filing this Complaint against Rivian Automotive, LLC ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*, ("Title VII") seeking redress for Defendant subjecting Plaintiff to sexual harassment, Defendant's discrimination on the basis of Plaintiff's sex, and Defendant's retaliation against Plaintiff for engaging in protected activity under Title VII.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

3. Venue of this action properly lies in the Central District of Illinois, Peoria Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant

operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under § 706 of Title VII, *42 U.S.C. §2000e-5*, have occurred or been complied with.

5. A charge of employment discrimination on basis of sex, sexual harassment, and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and Illinois Department of Human Rights ("IDHR"). (Attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7. At all times material to the allegations of this Complaint, Plaintiff, Natasha Hill, resided in Peoria County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant, Rivian Automotive, LLC, was an entity doing business in and for McLean County whose address is 100 Rivian Motorway, Normal, IL 61761.

9. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

10. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

11. On or about December 29, 2022, Plaintiff was hired by Defendant as an Operations and Manufacturing Associate.

12. Plaintiff worked for Defendant in this capacity until she was unlawfully terminated on or about July 5, 2023 on the basis of her sex (female) and in retaliation for opposing sexual harassment.

13. Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected class. Plaintiff has also been subjected to a hostile work environment on the basis of sex, violating Title VII.

14. Plaintiff is female and is a member of a protected class because of her sex.

15. During her employment for Defendant, Plaintiff met or exceed Defendant's performance expectations in all areas, as to the best of her knowledge, she did not receive any negative performance remarks or write-ups.

16. In or around March 2023, following a personal disagreement outside of work, Plaintiff's coworker and Defendant's employee, Peter Jones, began sharing an explicit video of Plaintiff with numerous coworkers.

17. This invasion of Plaintiff's privacy left her feeling incredibly embarrassed and uncomfortable.

18. Following the distribution of the explicit video, Plaintiff's coworkers began sexually harassing her.

19. Multiple coworkers would approach Plaintiff and make sexually charged comments, referencing the video.

20. This created an environment of pervasive sexual harassment that permeated Defendant's entire workplace.

21. Plaintiff became so uncomfortable that she had to report the harassment and Mr. Jones' actions to her supervisor, Deonte Boone.

22. Plaintiff expressed her concerns, urging that appropriate action be taken.

23. However, Mr. Boone or Defendant failed to take any action to investigate the matter or remedy the situation.

24. Instead, Mr. Boone instructed Plaintiff to "just ignore" Mr. Jones.

25. Plaintiff continue pleading with her supervisors and Defendant, requesting for Mr. Jones to be reassigned.

26. Unfortunately, instead of helping Plaintiff, Defendant instead retaliated against her, reassigning her to a different position.

27. This relocation was a clear punishment considering Plaintiff's dedication and hard work, as she was also expecting a promotion.

28. To Plaintiff's dismay, this relocation did nothing, and the harassment did not stop.

29. During her first day in her new department a coworker asked her, "Are you the girl from the video Peter showed us," clearly demonstrating that the harassment was widespread and everyone had seen the video.

30. Mr. Jones continued to circulate the video, and other coworkers continued to harass Plaintiff regarding the video.

31. Plaintiff continued to complain.

32. Not only did Defendant fail to do anything to remedy the situation, but Defendant

promoted Mr. Jones while he was actively sexually harassing Plaintiff, giving him a position of power over her, and effectively enabling the harassment.

33. Around this time, the situation reached a peak when another employee threatened Plaintiff with a firearm.

34. In response to this life-threatening assault that Plaintiff was subject to, Defendant showed an absolute lack of remorse and responsibility, and placed Plaintiff under investigation.

35. On or about June 1, 2023, Plaintiff had to take a short-term disability leave.

36. Throughout this time, Plaintiff continued to diligently make complaints about the harassment and Peter to Defendant's Human Resources (HR) Department via a messenger app.

37. HR also failed to take action, showing little interest in helping, and instead providing vague responses and false assurances of assistance to Plaintiff.

38. Plaintiff then returned to work following her leave.

39. Meanwhile, the explicit video continued to circulate throughout the workplace, causing Plaintiff significant distress each passing day.

40. HR and Defendant allowed the harassment to continue under these conditions.

41. On or about July 5, 2023, Plaintiff was suddenly told that she was being terminated in connection with the above-described investigation regarding the firearm incident.

42. However, this reason was pre-textual, as the incident and investigation occurred in May, and Plaintiff was terminated in July, after continuing to complain about the severe and pervasive sexual harassment.

43. In reality, Plaintiff was terminated on the basis of her sex and in retaliation for reporting the sexual harassment.

44. Other similarly situated non-female employees did not experience the same treatment as Plaintiff and were not subject to relocation or termination for similar reasons.

45. This egregious retaliation has caused Plaintiff lost wages and severe emotional distress.

46. Plaintiff can show that she engaged in statutorily protected activity –a necessary component of her retaliation claim- because Plaintiff lodged complaints directly to her manager as well as the HR department about the harassment.

47. Further, there is employer liability for the sex-based discrimination and sexual harassment, as the harassment was committed by Defendant's employees and Defendant had knowledge of the discrimination and harassment.

## COUNT I
### Violation of Title VII of the Civil Rights Act
### (Sexual Harassment)

48. Plaintiff repeats and re-alleges paragraphs 1-47 as if fully stated herein.

49. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sexual harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

50. Defendant knew or should have known of the harassment.

51. The sexual harassment was severe or pervasive.

52. The sexual harassment was offensive subjectively and objectively.

53. The sexual harassment was unwelcomed.

54. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to Plaintiff's sex, female.

55. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

56. As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
### Violation of the Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination)

57. Plaintiff repeats and re-alleges paragraphs 1-47 as if fully stated herein.

58. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's sex, female, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

59. Plaintiff met or exceeded performance expectations throughout the duration of her employment with Defendant, as she never received write-ups or negative performance remarks.

60. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

61. Defendant retaliated against Plaintiff and subjected Plaintiff to different terms of employment on the basis of Plaintiff's sex.

62. Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's sex.

63. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

64. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT III**
**Violation of Title VII of the Civil Rights Act**
**(Retaliation)**

65. Plaintiff repeats and re-alleges paragraphs 1-47 as if fully stated herein.

66. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

67. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to supervisors, Defendant and/or Defendant's HR Department about sexual harassment and sex-based discrimination that she was continuously subjected to.

68. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

69. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of sexual harassment and sex-based discrimination.

70. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

71. Plaintiff's suffered adverse employment actions in retaliation for engaging in protected activity, including but not limited to job reassignment/ relocation and termination.

72. By virtue of the foregoing, Defendant retaliated against Plaintiff based on reporting the sexual harassment or sex-based discrimination, thereby violating the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

73. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

74. As a direct and proximate result of the retaliation described above, Plaintiff has

suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

- a. Back pay and benefits;
- b. Interest on back pay and benefits;
- c. Front pay and benefits;
- d. Compensatory damages for emotional pain and suffering;
- e. Pre-judgment and post-judgment interest;
- f. Injunctive relief;
- g. Liquidated damages;
- h. Punitive damages;
- i. Reasonable attorney's fees and costs; and
- j. For any other relief this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 23rd day of October, 2023.

/s/ *Alexander Taylor, Esq.*
**ALEXANDER TAYLOR, ESQ.**
IL Bar No.: 6327679
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 272-1942
Fax (630) 575 - 8188
ataylor@sulaimanlaw.com
*Attorney for Plaintiff*